UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LESAMUEL PALMER, a/k/a King Zulu,

        Plaintiff,

vs.                         Case No.  2:10-cv-438-FtM-29DNF

T. LAUX, C.O. REINECK, T. GILBERTO,
C.O. RESTY, LIEUTENANT CHURILLA,
CPT. EDWARD, and INSPECTOR
MCGANGHAIN,[1]

        Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court upon review of the Motion to Dismiss Amended Complaint (Doc. #37, Motion) and attached exhibits consisting of relevant disciplinary reports and a list of prior disciplinary actions against Plaintiff, filed on behalf of Defendants Churilla, Reineck, Resty and Gilberto.  In response to the Motion, Plaintiff filed a "motion to strike" Defendants' Motion (Doc. #45) on April 15, 2011, which the Court construed to be Plaintiff's response in opposition to Defendants' Motion. See Order at Doc. #47.  Plaintiff then filed a "Notice to the Court" (Doc. #50) on May 3, 2011, requesting that the Court deny Defendants' Motion to Dismiss.  The Court considers both documents to be Plaintiff's response in opposition to Defendants' Motion.

_____

[1]It appears Plaintiff misspelt Defendant Gilberto's name.  The Clerk of Court is directed to correct the spelling and omit the extra letter "I" Plaintiff added.

The Court also reviews Plaintiff's motion for leave to file a Third Complaint (Doc. #55), filed on July 18, 2011.  Defendants filed a response in opposition (Doc. #56).  Plaintiff filed a reply (Doc. #57), without first seeking leave from the Court.  Plaintiff frequently files civil cases in this Court and is aware of the rule requiring him to seek leave before filing a reply.  Because Plaintiff filed a reply in contradiction to the rules, the Clerk of Court shall strike Plaintiff's reply.  These matters are ripe for review.

## I.  Motion to File Third Complaint

Plaintiff moves to file a third amended complaint and attaches a copy of his proposed Third Complaint.[2]  Plaintiff requests permission to file a Third Complaint based on his "review[] [of] the [D]efendants' Motion to Dismiss."  Doc. #55 at 1.  Plaintiff submits that he now realizes that he made "certain errors in drafting" and wishes to fix them.  Id.

Defendants oppose Plaintiff's motion to amend, which they note is filed six months after they filed their Motion to Dismiss, and suggest that Plaintiff is engaging in "dilatory tactics." Defendants also submit that allowing Plaintiff to amend the complaint for a third time is futile because Plaintiff cannot

---

[2]A copy of the proposed Third Complaint is currently located only in the Court file.  The Clerk is directed to docket a copy of Plaintiff's Third Complaint as an exhibit to Plaintiff's Motion to Amend (Doc. #55).

maintain his claim in this instance and change the allegations to avoid the <u>Heck</u>[3]-bar.  Defendants also point out that Plaintiff has already filed a previous amended complaint.   In sum, Defendants submit that any amendments would be futile. <u>See</u> Doc. #56.

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading as a matter of course within 21 days after serving it, or 21 days after service of a responsive pleading.  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  If the underlying facts or circumstances relied on by the plaintiff may give rise to a proper subject of relief, leave to amend "should be freely given."  <u>Hall v. United Ins. Co. of Am.</u>, 367 F.3d 1255, 1262 (11th Cir. 2004).  However, a district court may properly deny leave to amend under Rule 15 if such amendment is because of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." <u>Forman v. Davis</u>, 371 U.S. 178, 182 (1962).

Here, Plaintiff has already filed an amended complaint as of right.  The Court will not permit Plaintiff to file a Third Amended Complaint because to do so would cause undue delay.  The Court also

---

[3]<u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994).

finds that it appears Plaintiff has a dilatory motive.  The Court further finds that allowing Plaintiff to file a Third Complaint in this case would be an exercise of futility.

The Court has reviewed Plaintiff's proposed Third Complaint and finds that the changes are insignificant.  Plaintiff appears to have added at least one additional case in the case history section.  See Proposed Third Complaint at 5 (listing case filed in 2011).  The Court further finds that the factual averments Plaintiff lists in support of the claim in the proposed Third Complaint appear identical to the Second Amended Complaint.  Id. at 13-14.  Plaintiff does add that he sustained injuries from the alleged excessive use of force, including "damage to his nose."  Id. at 14.  Another difference in the proposed Third Complaint is that Plaintiff adds the following conclusory statement, in quotes, at the end of the factual narrative: "'For the purposes of this litigation, I do not allege that the basis of the disciplinary report, which has not been overturned, is invalid.  I allege that the force that was used exceeded the force that would've [sic] been required and that force was constitutionally excessive.'"  Id. at 14.

Plaintiff filed his proposed Third Complaint six months after Defendants filed their Motion to Dismiss.  Plaintiff has not explained why he required an additional six months to submit the proposed amendment, after the Defendants initially alerted

Plaintiff to the issues in his operative complaint six months earlier.  The Court also notes that Plaintiff continued to allege that he did not receive a copy of the Motion to Dismiss from Defendants, despite defense counsel's assertions that he mailed Plaintiff more than one copy.  Plaintiff never informed the Court when he did in fact receive a copy of the Defendants' Motion to Dismiss.  By review of other pleadings Plaintiff filed in the Court, the Court determined that Plaintiff had received a copy of the Defendants' Motion. Therefore, the Court agrees with Defendants and finds that Plaintiff's dilatory motive is apparent.

Moreover, the Court denies Plaintiff's motion to amend because the facts in the proposed Third Complaint do not differ from the facts in Plaintiff's Amended Complaint.  Plaintiff's proposed Third Complaint only includes conclusory language that the purpose of the litigation is "not to challenge the disciplinary action."  Plaintiff's proposed addition of the aforementioned conclusory language cannot overcome the Heck bar.  For the reasons discussed hereafter, the Court finds that the action is, in part, barred by Heck, and otherwise should be dismissed.  Therefore, the Court also denies Plaintiff's motion to file a Third Complaint because to do so would be futile.

## II. FACTUAL BACKGROUND

LeSamuel Palmer, a *pro se* plaintiff who is in the custody of the Florida Department of Corrections, initiated this action by

filing a Civil Rights Complaint pursuant to 42 U.S.C. § 1983.
Plaintiff is proceeding on his Amended Complaint (Doc. #11, Amended
Complaint) and attached exhibits (Doc. #11-1) consisting of
Plaintiff's inmate grievances and responses thereto.   Plaintiff
names as Defendants: Officers Laux, Reineck, Gilberto, Resty,
Churilla, Edward, and Inspector McGanghain.[4]  Amended Complaint at
1.

The incident giving rise to Plaintiff's cause of action
occurred on April 12, 2010, at Charlotte Correctional Institution.
Id. at 12.  Plaintiff alleges that during an escort from his cell
to a "mental health group," inmate E. Charles "made statements to
Plaintiff" and attempted to kick Plaintiff.   Id.   Plaintiff
acknowledges making "2 small steps," presumably toward inmate
Charles, at which point Defendant Laux "grabbed" Plaintiff and
"tried to force" him to the floor.   Id.  Plaintiff alleges then
Defendant Reineck "charged at Plaintiff" and tackled him to the
floor. Id. at 13.  Plaintiff claims the officers held him on the
floor for "5 minutes."[5]  Id. During this period of time, Plaintiff
claims that he told the officers that they used force on him "for

---

[4]As of the date on this Order, only Defendants Reineck,
Gilberto, Resty, and Churilla have received service of process.
See docket. Defendants Laux, Edward and McGanghain have not
received service of process.   Id.

[5]The Court notes that in the inmate grievances Plaintiff
attaches to his Amended Complaint, Plaintiff claims the officers
held him on the floor for "20-30 minutes."   Doc. #11-1 at 1.

no reason" and to "get off him" because they were "hurting him."
<u>Id.</u>

According to the Amended Complaint, Defendants Gilberto, Resty and Churilla[6] relieved Defendants Laux and Reineck and helped Plaintiff to his feet.   <u>Id.</u>   Plaintiff acknowledges "yelling," "y'all [sic] used force on me for no reason."   <u>Id.</u>   Defendant Churilla ordered Plaintiff to be quiet.   Plaintiff acknowledges that he "refused" to comply with the officer Churilla's order. Plaintiff claims Churilla then ordered Defendants Gilberto and Resty to "take Plaintiff down."   Plaintiff claims Gilberto and Resty "aggressively forced Plaintiff to the floor" and started to kick and punch him in the back, head, and face while Churilla watched.   Plaintiff alleges that Defendant Edward then walked by, did not intervene, and directed Resty and Gilberto to take Plaintiff inside the Lieutenant's office.   Plaintiff claims Defendants Resty and Gilberto took Plaintiff to the office, ran Plaintiff's face first into the door, slammed Plaintiff's body on the desk, and "kicked Plaintiff hard in the rear end" while calling him names. <u>Id.</u>   The episode apparently ended at an unidentified period of time after Plaintiff "begged" them to stop.   <u>Id.</u>

Plaintiff claims that he previously reported to Inspector McGanghain that he was afraid to live in F-dorm.   <u>Id.</u>   Plaintiff

---

[6]In the Amended Complaint, Plaintiff misspells Defendant Churilla's name, "Corilla."

states he was afraid because he had issues with other inmates and had a lawsuit filed.  Id.

Defendants Gilberto and Resty move to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) on the basis that the court lacks subject matter jurisdiction because Plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994) and Edwards v. Balisok, 520 U.S. 641 (1997).  Motion at 3-6.  Defendants Gilberto and Resty point out that Plaintiff received a disciplinary report for the incident at issue in the Amended Complaint, for which he lost gain time, and the disciplinary conviction remains valid.  See Id. at 8.  Defendants submit that a finding in Plaintiff's favor would necessarily imply the invalidity of his disciplinary conviction.  Id. at 8-11.  Defendants further submit that a 12(b)(1) dismissal is proper in this instance because a Heck dismissal, similar to a dismissal for failure to exhaust, is generally not an adjudication on the merits.  Id. at 3-6. (citations omitted).  In the alternative, Defendants Gilberto, Resty, and Churillo move for dismissal under Fed. R. Civ. P. 12(b)(6) claiming they are entitled to qualified immunity.  Id. at 11-13.  Defendants Reineck also moves for dismissal pursuant to 12(b)(6) and claims he is entitled to qualified immunity.  Id. at 13.

### III.  Applicable Law

A motion to dismiss pursuant to Rule 12(b)(1) provides for a dismissal of an action if the court lacks subject matter jurisdiction.  When reviewing a motion to dismiss for lack of subject matter jurisdiction, the allegations of the complaint should be construed in a light most favorable to the pleader. Scheuer v. Rhodes, 416 U.S. 232, 237 (1974); Cole v. United States, 755 F.2d 873, 878 (11th Cir. 1985).  Attacks on subject matter jurisdiction come in two forms.  Carmichael v. Kellogg, Brown & Root Servs., Inc., 572 F.2d 1271, 1279 (11th Cir. 2009); Lawrence v. Dunbar, 919 F.2d 1525, 1528 (11th Cir. 1990).  The first is a facial attack on the complaint, which requires the court to see whether plaintiff has sufficiently alleged a basis of subject matter jurisdiction.  Lawrence, 919 F.2d at 1529.  In considering facial validity, the court must take the allegations in the complaint as true for purposes of the motion.  Id.  In contrast, as in the instant case, a factual attack challenges the existence of subject matter jurisdiction, or the court's power to hear the case. Id.  The court can look outside the pleadings in order to make its determination, and the court is free to weigh the evidence in order to determine whether it has jurisdiction.  Id.; see also Bryant v. Rich, 530 F.3d 1368, 1376 (11th Cir. 2008)(stating "[w]here exhaustion--like jurisdiction, venue, and service of process--is treated as a matter in abatement and not an adjudication on the

merits, it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop the record."). The Court nonetheless will liberally construe Plaintiff's *pro se* pleadings and hold the pleadings to a less stringent standard than pleadings drafted by an attorney. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (citing Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)).

In deciding a Rule 12(b)(6) motion to dismiss, the Court limits its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). Thus, the Court must accept all factual allegations in Plaintiff's Amended Complaint as true and take them in the light most favorable to the plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008). C o n c l u s o r y allegations, however, are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1951 (2009)(discussing a 12(b)(6) dismissal); Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).

The Court employs the Twombly-Iqbal plausibility standard when reviewing a complaint subject to a motion to dismiss. Randall v. Scott, 610 F.3d 701, 708, n.2 (11th Cir. 2010). A claim is

plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. ____, 129 S. Ct. 1937, 1949 (2009). The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007); Marsh, 268 F.3d at 1036 n.16. Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. Ashcroft, 129 S. Ct. at 1949. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."[7] Id.

---

[7]The Prison Litigation Reform Act requires that the Court review all complaints filed by prisoners against a governmental entity to determine whether the action is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief." See 28 U.S.C. § 1915A(a), (b)(1), (b)(2). In essence, § 1915A is a screening process to be applied sua sponte and at any time during the proceedings. In reviewing a complaint, however, the Court accepts the allegations in the complaint as true, Boxer v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006), and applies the long established rule that pro se complaints are to be liberally construed and held to a less stringent standard than pleadings
(continued...)

A complaint must satisfy the pleading requirements of Fed. R. Civ. P. 8 by simply giving the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. Conley v. Gibson, 355 U.S. 41 (1957).   However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level."  See Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965, 1968-69 (citations omitted).   Additionally, there is no longer a heightened pleading requirement.  Randall, 610 F.3d at 701.

## IV.  Analysis

### A.  Defendants Reineck and Laux[8]

According to the Amended Complaint, Defendant Reineck assisted Defendant Laux with the initial use of force against Plaintiff, after inmate Charles and Plaintiff exchange words and a fight between the two inmates was imminent.  Amended Complaint at 13.

---

[7](...continued)
drafted by attorneys.   Erickson v. Pardus, 551 U.S. 89, 94 (2007)(citations omitted).
   Pursuant to § 1915A, the Court "shall" dismiss the complaint, if, inter alia, it fails to state a claim upon which relief may be granted.  § 1915(b)(1).  The standards that apply to a dismissal under Fed. R. Civ. P. 12(b)(6) apply to a dismissal under § 1915(b)(1).  Leal v. Georgia Dep't of Corr., 254 F.3d 1276, 1278-79 (11th Cir. 2001).

[8]Here, Defendant Laux has not received service of process as of the date on this Order.  Nevertheless, the same facts alleged against Defendant Reineck in the Amended Complaint are alleged against Defendant Laux.  The Court notes that these officers were involved in the initial use-of-force on April 12, 2010.  Therefore, the Court will sua sponte address the claims against Defendant Laux pursuant to § 1915A.

Defendant Reineck moves to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(6) because the Amended Complaint "has not alleged a malicious and gratuitous use of force by Officer Reineck devoid of penological justification." Motion at 13. The Court agrees.

The Eighth Amendment, which applies to the states through the Fourteenth Amendment, can give rise to claims challenging the excessive use of force. Thomas v. Bryant, 614 F.3d 1288, 1305 (11th Cir. 2010)(reviewing categories of claims under the Eighth Amendment). An excessive-force claim requires a two-prong showing: (1) an objective showing of deprivation or injury that is "sufficiently serious" to constitute a denial of the "minimal civilized measure of life's necessities"; and, (2) a subjective showing that the official had a "sufficiently culpable state of mind." Id. (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994)(citations omitted). It is the "unnecessary and wanton infliction of pain" caused by force used "maliciously and sadistically" for the very purpose of causing harm that constitutes cruel and unusual punishment. Whitley v. Albers, 475 U.S. 312, 322 (1986). Thus, where an Eighth Amendment claim is based upon allegations of excessive force, the question turns on whether the prison guard's "force was applied in a good faith effort to maintain or restore discipline or maliciously or sadistically for the very purpose of causing harm." Bozeman v. Orum, 422 F.3d 1265, 1271 (11th Cir. 2005). To determine whether force was applied

"maliciously and sadistically," courts consider the following factors: "(1) the extent of injury; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) any efforts made to temper the severity of a forceful response; and (5) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them." Campbell v. Sikes, 169 F.3d 1353, 1375 (11th Cir. 1999) (quotations and citations omitted).

Moreover, in the context of prison discipline, a distinction is made between "punishment after the fact and immediate coercive measures necessary to restore order or security." Ort v. White, 813 F.2d 318, 324-325 (11th Cir. 1987).  When a prison's internal safety is of concern, courts conduct a more deferential review of the prison officials' actions.  Williams v. Burton, 943 F.2d 1572, 1575 (11th Cir. 1991)(citations omitted).  Indeed, "[t]hat deference extends to a prison security measure taken in response to an actual confrontation with riotous inmates, just as it does to prophylactic or preventive measures intended to reduce the incidence of these or any other breaches in prison discipline." Whitley, 475 U.S. at 322; see also Bell v. Wolfish, 441 U.S. 520, 547 (1979).

The Amended Complaint and the attachments thereto establish that Defendants' use-of-force on Plaintiff was justified in order

to avert an imminent physical altercation between Plaintiff and inmate Charles. The Amended Complaint and attachments thereto further establish that the amount of force used by Defendants Laux and Reineck was not so excessive as to violate the Eighth Amendment. Amended Complaint at 14.

According to Plaintiff's Amended Complaint, inmate Charles exchanged words with Plaintiff and kicked Plaintiff's left leg. See Amended Complaint; Doc. #11-1 at 1. Plaintiff acknowledges that he took "two steps" toward inmate Charles. Amended Complaint at 12. Plaintiff's attachments to his Amended Complaint show that Plaintiff, indeed, attempted "to go after" inmate Charles. Doc. #11-1 at 5, 9. Defendant Laux initially tried to restrain Plaintiff, but was unable to do so without assistance. Defendant Reineck came to help Defendant Laux. Defendant Reineck was able to force Plaintiff to the ground and keep him restrained on the floor for approximately five minutes. Amended Complaint at 13. Therefore, a review of the Amended Complaint and attachments thereto establish that Defendant Laux initially tried to restrain Plaintiff and was unable to control him by himself. Amended Complaint at 12 (stating Laux "tried" to force him to the ground). Defendant Reineck responded to help Defendant Laux and had no choice but to use force on Plaintiff to keep the situation between Plaintiff and inmate Charles from escalating. Id. at 9 (stating officers Reineck and Laux prevented Plaintiff from assaulting

another inmate). The Amended Complaint, attachments thereto, and the related disciplinary report shows that the amount of force used was only the amount necessary to gain control of the situation and was not excessive.  Therefore, the Court grants the 12(b)(6) Motion as to Defendant Reineck and *sua sponte* dismisses Defendant Laux pursuant to § 1915A.

**B.  Defendants Gilberto, Resty, and Churilla**

Defendants Gilberto, Resty, and Churilla submit that the Court lacks subject matter jurisdiction because Plaintiff's claims are barred by Heck v. Humphrey*,* 512 U.S. 477, 486-87 (1994).[9]  Motion at 3-11.

In Heck, the United States Supreme Court held:

> [I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has **not** been so invalidated is **not cognizable under § 1983.**  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the

_____

[9]In Response, Plaintiff requests that the Court strike the Defendants' Motion.  Doc. #45.  Plaintiff also re-submits that Defendants never mailed him a copy of their Amended Complaint. Doc. #50.  It is evident that Plaintiff did receive a copy of Defendants' Motion.  See Order at Doc. #47; Plaintiff's Motion at Doc. #55 (acknowledging need to amend based on deficiencies noted in the Defendants' Motion, which he apparently received).

>       plaintiff would necessarily imply the invalidity of his
>       conviction or sentence;  if it would, the complaint must
>       be dismissed unless the plaintiff can demonstrate that
>       the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-87 (emphasis added)(internal citation and
footnote omitted).  The United States Supreme Court has applied the
Heck analysis to actions brought by prisoners who are challenging
disciplinary proceedings in jails.  See Edwards v. Balisok, 520
U.S. 641, 643-649 (1997); Roberts v. Wilson, 259 F. App'x 226, 228,
2007 WL 4336446 (11th Cir. Dec. 13, 2007).

     In Balisok, the plaintiff initiated a § 1983 action alleging
defendants violated his due process rights during a disciplinary
hearing, which resulted in the plaintiff's loss of good-time
credits.  Id. at 643.  The Balisok Court concluded that a § 1983
action was not cognizable, even though the plaintiff was
challenging the procedure and not the result, because a finding in
favor of the plaintiff would "necessarily imply the invalidity of
the punishment imposed."  Id. at 648.  The Court held that a
prisoner could not pursue such an action unless the prisoner had
successfully invalidated the disciplinary report.  Id. at 646-68;
see also Wilkinson v. Dotson, 544 U.S. 74 (2005)(finding a state
prisoner's § 1983 action is barred--absent prior invalidation--no
matter the relief sought--damages or equitable relief--no matter
the target of the prisoner's suit--state action leading to
conviction or internal prison proceedings--if success in that
action would necessarily invalidate prisoner's confinement).

However, the Court has rejected the view that <u>Heck</u> applies to all suits challenging prisoner disciplinary proceedings.  <u>See</u> <u>Muhammad v. Close</u>, 540 U.S. 749, 754-55 (2004); <u>see also</u> <u>Beecher v. Jones</u>, Case No. 3:08-cv-416, 2010 WL 5058555 (N.D. Fla. Oct. 29, 2010)(finding the plaintiff did not "steer his case" into <u>Heck</u> territory because according to the complaint "[p]laintiff could have committed all of the acts set forth in the DR and hearing team decision, yet the manner in which the chemical agent was applied, the duration of its application, etc., could still constitute the use of excessive force.").  In <u>Muhammad</u>, the Court declined to extend <u>Heck</u> to a prisoner's § 1983 action claiming a constitutional violation based on his pre-hearing confinement.  The Court held that this plaintiff's action did not challenge the conviction, the disciplinary action, nor did he seek expungement of the misconduct finding, so it was not "construed as seeking a judgment at odds with his conviction." <u>Id.</u> at 754-55.

In the instant case, the Court finds that Plaintiff has steered his case into <u>Heck</u> territory.  The Court's determination whether a claim is barred by <u>Heck</u> turns on the Plaintiff's allegations.  Plaintiff's claims in this action are directly contrary to the facts upon which Plaintiff's disciplinary charges are based.  <u>See</u> Def's Exh. G (copy of disciplinary report log number 510-100650); Amended Complaint at 13; Doc. #11-1 at 4-5, 6-7, 8-9, 10-12 (inmate grievances raising various issues with

disciplinary report).   The record establishes that Plaintiff received a disciplinary report for disobeying officers' orders on the evening of April 12, 2010.  In the Amended Complaint, Plaintiff maintains that he did nothing wrong to justify Defendants' use of force on him.  See generally Amended Complaint.

On April 12, 2010, Defendant Gilberto issued Plaintiff a disciplinary report (log no. 510-100650), charging as follows:

> On 4/12/10 at approximately 7:00 p.m. after Officer Resty and I had relieved Officer Laux and Officer Reineck from their escort of inmate Palmer, LeSamuel DC#L41847, cell F3-214, Officer Resty and I assisted Inmate Palmer to his feet and escorted him out of the quad due to the fact that force had just been used on him, to the sally port. Once in the sally port inmate Palmer attempted to break free from our escort.  I ordered inmate Palmer to cease his actions to which he refused to comply.  Inmate Palmer continued his attempt to break free from the escort as he kept twisting his body back and forth while leaning backwards.  I again ordered inmate Palmer to cease his actions and comply with the orders and instructions to which he again refused to comply.  It then became necessary to use force.  Officers Petko and Jones were also present.

Def's Exh. G at 25.  Officer Edwards approved the disciplinary report.  Id.

The disciplinary team began its investigation on April 12, 2010, and concluded the inquiry on April 16, 2010.  Id.  On April 12, 2010, after concluding the investigation, reviewing inmate witness' statements, and reviewing the officers' statements, the disciplinary team found Petitioner guilty of disobeying the officers' orders.  As a result, the disciplinary team gave Plaintiff twenty-days in disciplinary confinement and imposed a

-19-

twenty-day loss of gain time.  Id.  The disciplinary report still stands and has not been expunged, reversed, or invalidated.  Id. at 26.

Plaintiff's basis for this action is wholly inconsistent with the facts upon which the disciplinary conviction is based.  A judgment in favor of Plaintiff, finding that Defendants Giliberto and Resty attacked Plaintiff without provocation in violation of the Eighth Amendment, while Defendants Churilla and Edward[10] failed to intervene, would necessarily imply the invalidity of the disciplinary charge of disobeying an order.  See Richards v. Dickens, 411 F. App'x 276, 278, 2011 WL 285212 (11th Cir. Jan. 31, 2011).  Plaintiff is not alleging that the officers' use of force in response to his failure to comply with orders was excessive.  Instead, Plaintiff is alleging the correctional officers engaged in an unprovoked attack for no apparent reason and the disciplinary report is false.  See Amended Complaint at 13; Pl's Exhs., Doc. #11-1 at 1 (stating "I was never resisting."); Doc. #11-1 at 4 (stating "The DR [is] no good."); Doc. #11-1 at 6 (challenging same disciplinary report and claiming that Plaintiff never attempted to kick inmate Charles); Doc. #11-1 at 8 (challenging disciplinary report).  Thus, the Court finds Defendants' Motion must be granted because Plaintiff's claim is not cognizable under § 1983 based on

---

[10]Defendant Edward has not received service of process. Therefore, the Court addresses the claims against Defendant Edward sua sponte pursuant to s. 1915A.

Heck.  Because the Court finds that Plaintiff has not set forth a violation of a constitutional right, or his claim is otherwise barred by Heck, the Court need not address Defendants' qualified immunity argument.

### C.  Defendant Inspector McGanghain

As previously noted, service of process has not been effectuated on Defendant McGanghain.  See docket.  Therefore, the Court addresses the claims against McGanghain sua sponte pursuant to § 1915A.

Defendant McGanghain is only mentioned once in the Amended Complaint.  Id. at 13.  Plaintiff alleges that he notified Defendant McGangahain that he "did not feel safe at F-dorm" because he had issues with "other inmates" and "have lawsuit [sic]."  Id.

The events giving rise to this action happened in the F-dorm at Charlotte Correctional.  Nevertheless, the Court finds the allegations in the Amended Complaint are insufficient to state a claim against Defendant McGanghain.  As evidenced by the Amended Complaint, the attachments thereto, and by the Defendants' copy of the related disciplinary report, the correctional officers named in this action prevented an attack between Plaintiff and inmate Charles. Plaintiff does not allege that Inspector McGanghain knew, or had reason to know, that inmate Charles posed a serious risk of harm to Plaintiff.  Likewise, the Amended Complaint contains no allegations that Plaintiff was in fear of the correctional officers

named in this action, or that Plaintiff told McGanghain that he was in fear of these officers, or had received threats of harm by these officers.   The Court cannot conceive of a constitutional claim against Defendant McGanghain based on the facts alleged in the Amended Complaint.   Therefore, the Court dismisses Defendant McGanghain pursuant to §1915A.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The Clerk of Court shall **strike** Plaintiff's improperly filed Reply (Doc. #57) to Defendants' response in opposition to Plaintiff's Motion to Amend.

2.   The Clerk is directed to docket a copy of Plaintiff's proposed Third Complaint as an exhibit to Plaintiff's Motion to Amend (Doc. #55).

3.   Plaintiff's Motion to Amend (Doc. #55) is **DENIED.**

4.   The Motion to Dismiss (Doc. #37) filed on behalf of Defendants Churilla, Reineck, Resty, and Gilberto is **GRANTED** and these Defendants are dismissed without prejudice.

5.   The Court sua sponte dismisses Defendants Laux, Edward, and McGanghain pursuant to § 1915A.

6.   Plaintiff's motion to strike Defendants' Motion to Dismiss (Doc. #45) is **DENIED as moot.**

7. The Clerk of Court is directed to correct the spelling of Defendant Gilberto's name by omitting the extra letter "I" that Plaintiff added.

8.  The Clerk of Court shall enter judgment accordingly and close this case.

**DONE AND ORDERED** at Fort Myers, Florida, on this __12th__ day of September, 2011.

JOHN E. STEELE
United States District Judge


SA: alj
Copies: All Parties of Record